**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

DIANA Y. MARTI-NOVOA,

    **Plaintiff**

        v.                     **CIVIL NO.** 09-1355 (JAG)

LUIS FORTUÑO-BURSET, <u>et. al.,</u>

    **Defendant(s)**

**OPINION AND ORDER**

GARCIA-GREGORY, D. J.

Pending before the Court are Co-Defendants Jorge A. Santini Padilla ("Santini"), Miriam Hellman ("Hellman"), and the Municipality of San Juan's ("Municipality")(collectively known as "Municipal Defendants") Motion to Dismiss (Docket No. 107); Mike O'Neill (substituting for Santos M. Delgado Marrero)[1] ("Delgado"), Metropolitan Bus Authority ("MBA"), and Gladys Fuentes-Cruz' ("Fuentes") (collectively known as "MBA Defendants") Motion to Dismiss (Docket No. 118); Luis Fortuño-Burset ("Fortuño"), Rubén A. Hernández-Gregorat ("Hernández-Gregorat"), María Sánchez-Bras ("Sánchez-Bras"), and Juan Carlos Blanco-Urrutia's ("Blanco")(collectively known as "La Fortaleza Defendants") Motion to Dismiss (Docket No. 120); and the Hermandad de Empleados de

---

[1] The Complaint alleges claims against Santos Delgado-Marrero, as General Manager of the MBA, however, since it was filed he was replaced with Mike O'Neill. Therefore, we shall refer to Mike O'Neill instead Delgado-Marrero as to all of the claims.

Civil 09-1355 (JAG)                                                      2

Oficina y Ramas Anexas ("Union") and Cristino López-Hance ("López") (collectively known as "Union Defendants") Motion to Dismiss (Docket No. 127). For the reasons set forth below we grant in part and deny in part the Municipal Defendants' Motion to Dismiss grant in part and deny in part the MBA Defendants' Motion to Dismiss, and grant La Fortaleza and Union Defendants' Motions to Dismiss.

Plaintiff Diana Marti-Novoa (hereafter "Plaintiff") filed a Complaint alleging that, after the New Progressive Party won the general elections in the Commonwealth of Puerto Rico (hereafter "NPP"), she was dismissed from her career position because of political discrimination; that is, for being a known member of the opposing party, the Popular Democratic Party (hereafter "PDP"). Plaintiff Marti-Novoa requests reinstatement, and economic and punitive damages, pursuant to §1983 for alleged violations of her First Amendment, Due Process and Equal Protection rights under the United States Constitution. She also seeks relief under the Constitution and laws of Puerto Rico.[2] (Docket No. 106).

Plaintiff Marti-Novoa filed her claims against various defendants, in their individual and official capacities as officers of several agencies of the Commonwealth of Puerto Rico, to wit:

---

[2] State claims are averred under the Constitution and laws of the Commonwealth of Puerto Rico, Sections 1, 4, 6 and 7 of Article II of the Constitution of Puerto Rico and the Public Service Personnel Acts, Law No. 131 of May 13, 1943, P.R. Laws Ann., Tit. 1, §§13-19, Law No. 100 of June 26, 1952, and Articles 1802 and 1803 of the Puerto Rico Civil Code, Tit. 31, §§ 5141-5142. *Amended Complaint ¶59.*

Civil 09-1355 (JAG)                                            3

Rubén Hernández-Gregorat, Secretary of the Transportation and
Public Works Department; Santos M. Delgado-Marrero, President and
General Manager of the Metropolitan Bus Authority (hereafter
"MBA"); Gladys Fuentes-Cruz, Vice President of Management and Human
Resources; Juan Carlos Blanco, Chief of Staff of the Governor of
Puerto Rico; María Sánchez- Bras, Director of the office of
Management and Budget; and Hon. Luis Fortuño-Burset, Governor of
Puerto Rico.

Defendants identified with the municipality include the
Municipality of San Juan; Hon. Jorge Santini-Padilla (hereafter
"Defendant Santini"), Mayor of San Juan; and Miriam Hellman
(hereafter "Defendant Hellman"), Human Resources Director. The
Complaint also includes claims against Hermandad de Empleados y
Ramas Anexas (hereafter "the Union"), the Union which represents
employees at the MBA, and its President Cristino López-Hance, as
well as ABC Insurance Company.

As alleged in the Amended Complaint, Plaintiff Marti-Novoa
initiated her public employment with the Municipality of San Juan
in the 1990's as a career employee. Thereafter, she was transferred
to the office of the Former Governors as an advisor to former PDP
governors Sila Calderón and Aníbal Acevedo-Vilá. On August 8, 2008,
Marti-Novoa was appointed to a trust position in the MBA[3] as it

---

[3]  The MBA is a governmental instrumentality of the
Commonwealth of Puerto Rico attached to the Department of
Transportation and Public Works. P.R. Laws Ann. tit. 23, § 603;

Civil 09-1355 (JAG)                                                    4

stood at the time.

On December 15, 2008, Plaintiff received notice she was to cease as a trust employee in the MBA and effective December 16, 2008, was to return to her former career position in the MBA pursuant to public employee regulations. However, on December 17, 2008, Marti-Novoa was reassigned to the Office of Management and Budget attached to the Governor's Office, in a special employment assignment to work with and at the request of the outgoing PDP governor Acevedo-Vilá. On January 23, 2009, Plaintiff Marti-Novoa was informed that her assignment with governor Acevedo-Vilá was terminated and she was sent back to her career position at the MBA. Plaintiff reported to her position as purchasing agent. At no time upon her reinstatement was Plaintiff Marti-Novoa informed by the Human Resources Office, or any other office, she was to become a Union employee and had to pay Union fees or she would loose her job. The Union did not notify Plaintiff Marti-Novoa that she was now a Union employee and had to pay her dues. An employment verification dated January 26, 2009, further indicated the amount of $15.00 was being deducted from Plaintiff Marti-Novoa's salary to pay the Union dues. On February 6, 2009, the Union had included Plaintiff Marti-Novoa in its medical plan.

Plaintiff received a letter dated February 27, 2009, stating she was being terminated from her position effective March 2, 2009,

---

P. R. Laws Ann. tit. 3 App. III, § 3.

Civil 09-1355 (JAG)                                                5

for failure to comply with the collective bargaining agreement at the MBA. The letter also stated that she had to request reinstatement to the Municipality of San Juan. MBA human resources personnel indicated to Plaintiff there was an agreement for her reinstatement with the Municipality of San Juan. Plaintiff further alleges that she communicated to the MBA and the Union her willingness to pay her Union dues. Plaintiff contends that she sent a letter to the MBA and the Union as an appeal mechanism for the actions undertaken. When Plaintiff went to the Municipality she was informed that the obligation for reinstatement was of the MBA and she would not be granted reinstatement to a career position with the Municipality. Plaintiff continued to report to her position at the MBA, but was asked to leave and wait for notification by telephone. Plaintiff sent letters to the Secretary of Transportation and Public Works, to the Secretary of the Governor, and to the Municipality of San Juan, and their respective Human Resources Departments informing them of her employment situation. Neither the MBA nor the Union allowed Plaintiff to remedy the non-payment of the dues.

      Plaintiff claims Defendants have undertaken concerted actions in violation of her First Amendment and Due Process rights. In addition, Plaintiff Marti-Novoa states that these acts are also in violation of state laws and the Constitution.

      Defendants the Municipality, Santini and Hellman, as the Mayor

Civil 09-1355 (JAG)                                                    6

and Human Resources Director of said municipality, respectively, filed a Motion to Dismiss the Amended Complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). (Docket No.107). The Plaintiff filed an opposition and Defendants a reply. (Docket Nos. 108, 130).

Defendants Mike O'Neill, substituting for Santos M. Delgado-Marrero, in his official capacity as President and General Manager of the MBA, and Gladys Fuentes also in her official capacity as Director of Human Resources of the MBA, filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).

Co-Defendants María Sánchez-Bras, Hon. Luis Fortuño-Burset, Rubén Hernández-Gregorat, Santos M. Delgado-Marrero, Gladys Fuentes-Cruz, and Juan Carlos Blanco, also filed a Motion to Dismiss the Amended Complaint. (Docket No. 120).

Remaining Co-Defendants Hermandad de Empleados de Oficina y Ramas Anexas, and its President Cristino López-Hance, (hereafter "Union Defendants") filed a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6). (Docket No. 127). Plaintiff filed individual replies to Co-Defendants' requests for dismissal. (Docket Nos. 139, 141). Co-Defendants for the Union filed a reply to Plaintiff's response. (Docket No. 153).

Pending before the court are also two Motions for Preliminary Injunction which were held in abeyance pending resolution of the various requests for dismissal. (Docket Nos. 8, 107).

Civil 09-1355 (JAG)                                              7

On February 1, 2010, Magistrate Judge Camille Vélez Rivé issued a Report and Recommendation. (Docket No. 168). The Magistrate Judge recommended that: 1) dismissal as to Santini and Hellman be granted in their personal capacities and denied in their official capacities for purposes of injunctive relief; 2) dismissal as to the Municipality of San Juan be granted regarding any monetary relief claims, although not for any eventful injunctive relief that may be appropriate; 3) dismissal as to Co-Defendant Fortuño, Sánchez-Bras, Hernández-Gregorat, and Blanco be granted in their official capacity; 4) dismissal as to Co-Defendants Delgado and Fuentes be denied in their individual capacity; 5) denial of Co-Defendants Delgado and Fuentes's qualified immunity claims because controversies of facts at this juncture preclude any finding of qualified immunity; 6) dismissal as to Hermandad should be granted as to claims for constitutional and state torts and under pendent state claims; and 7) dismissal as to Hermandad should be denied as to the claims of breach of duty of fair representation. The parties filed their objections to the Report, and were consequently opposed. (Docket Nos. 168, 170, 172, 174, 180, 182).

**STANDARD OF REVIEW**

A. <u>Review of a Magistrate Judge's Report and Recommendation</u>

Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed.R.Civ.P. 72(b) and Local Rule 503, a district court may refer dispositive motions to

Civil 09-1355 (JAG)                                                    8

a United States Magistrate Judge for a Report and Recommendation.
See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d
144, 146 (D.P.R. 2003). The adversely affected party may "contest
the Magistrate Judge's report and recommendation by filing
objections 'within ten days of being served' with a copy of the
order." United States of America v. Mercado Pagan, 286 F.Supp. 2d
231, 233 (D.P.R.) (citing 28 U.S.C. § 636(b)(1)).

        If objections are timely filed, the District Judge shall "make
a de novo determination of those portions of the report or
specified findings or recommendation to which [an] objection is
made." Rivera-De-Lean v. Maxon Eng'g Servs., 283 F. Supp. 2d 550,
555 (D.P.R. 2003). A district court can "accept, reject, or modify,
in whole or in part, the findings or recommendations made by the
magistrate," however, if the affected party fails to timely file
objections, the district court can assume that they have agreed to
the Magistrate Judge's recommendation. Alamo Rodriguez, 286
F.Supp.2d at 146 (citing Templeman v. Chris Craft Corp., 770 F.2d
245, 247 (1st Cir. 1985)).

B. Motion to Dismiss Standard of Review

        In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the
Supreme Court held that to survive a motion to dismiss under Rule
12(b)(6), a complaint must allege "a plausible entitlement to
relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96
(1st Cir. 2007) (quoting Twombly, 550 U.S. at 599). The Court

Civil 09-1355 (JAG)                                                    9

accepts all well-pleaded factual allegations as true, and draws all
reasonable inferences in plaintiff's favor. See Correa-Martinez v.
Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990). While Twombly
does not require of plaintiffs a heightened fact pleading of
specifics, it does require enough facts to have "nudged their
claims across the line from conceivable to plausible." Twombly,
550 U.S. at 570. Accordingly, in order to avoid dismissal, the
plaintiff must provide the grounds upon which his claim rests
through factual allegations sufficient "to raise a right to relief
above the speculative level." Id. at 555.

        In Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937 (2009),
the Supreme Court upheld Twombly and clarified that two underlying
principles must guide this Court's assessment of the adequacy of a
plaintiff's pleadings when evaluating whether a complaint can
survive a Rule 12(b)(6) motion. See Iqbal, 129 S.Ct. at 1949-50.
The First Circuit has recently relied on these two principles as
outlined by the Supreme Court. See Maldonado v. Fontanes, 568 F.3d
263, 266 (1st Cir. 2009). "First, the tenet that a court must
accept as true all of the allegations contained in a complaint is
inapplicable to legal conclusions. Threadbare recitals of the
elements of a cause of action, supported by mere conclusory
statements, do not suffice." Iqbal, 129 S.Ct. at 1949 (citing
Twombly, 550 U.S. at 555).

        "Second, only a complaint that states a plausible claim for

relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950 (citing Twombly, 550 U.S. at 556). Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility. Iqbal 129 S.Ct. At 1950. Determining the existence of plausibility is a "context-specific task" which "requires the court to draw on its judicial experience and common sense." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." Id. at 1950-51 (citing Twombly, 550 U.S. at 567).

**ANALYSIS**

I. <u>Co-Defendants Municipality of San Juan, Santini and Hellman</u> ("Municipal Defendants")

Plaintiff brings the present suit under § 1983, arguing violations to her First and Fourteenth Amendment rights. It is well settled law that § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." <u>Graham v. Connor</u>, 490 U.S. 386 (1989) (internal citations and quotation marks omitted). Under § 1983, a plaintiff must first show that "the conduct complained of was committed by a person acting under color of state law." <u>Destek</u>

Civil 09-1355 (JAG)                                                11

Group, Inc. v. State of New Hampshire Public Utilities Commission,
318 F.3d 32, 39 (1st Cir. 2003). Secondly, a plaintiff must show
the defendant's conduct deprived a person of rights, privileges, or
immunities secured by the Constitution of the United States.
Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 559 (1st Cir.
1989). "To satisfy the second element, plaintiffs must show that
the defendants' conduct was the cause in fact of the alleged
deprivation." Rodriguez-Cirilo v. Garcia, 115 F.3d 50, 52 (1st Cir.
1997).

     The Complaint alleges that Plaintiff initiated her public
employment with the Municipality and during the 1990's acquired a
property interest in it as a career employee. In February 2009,
Plaintiff received notice that she was being terminated from her
employment by the MBA for failure to pay her Union dues as stated
in the collective bargaining agreement. Moreover, she was informed
that she had to request reinstatement with the Municipality
effective March 2009. Furthermore, Plaintiff alleges that the MBA's
Director of Human Resources, Gladys Fuentes-Cruz, informed her that
she had reached an agreement to have her reinstated with the
Municipality. Nevertheless, when she went to the Municipality
requesting reinstatement, Municipal Defendant Hellman informed her
that the reinstatement obligation was of the MBA and not the
Municipality.

     Consequently, she alleges that the Municipal Defendants

Civil 09-1355 (JAG)                                                    12

violated her Due Process rights by failing to reinstate her to her
career position as a result of her political affiliation. Plaintiff
sues Municipal Defendant Santini and Hellman in their personal and
official capacities.[4]

The Municipal Defendants argue in their Motion to Dismiss that
Plaintiff's allegations should be dismissed for failure to state a
claim upon which relief can be granted. The Magistrate Judge found
that the complaint does not allege that either Santini or Hellman
acted in any discriminatory manner towards Plaintiff. Further, the
Magistrate concludes that the complaint does not demonstrate any
causal connection between the Municipality's alleged discriminatory
conduct and Plaintiff's political beliefs. Finally, the Magistrate
Judge recommended that this Court grant dismissal as to all claims
against Santini and Hellman in their personal capacities and deny
dismissal as to their official capacity for purposes of injunctive
relief.

Plaintiff objects to the Magistrate's Recommendations by
stating that her complaint meets the standard set out in Iqbal and
clearly outlines a claim against the  Municipal Defendants for
violation of her Due Process rights under federal and state law.

---

[4] The Supreme Court stated in Kentucky v. Graham, 473 U.S.
159, 166 (1985) that official capacity suits "generally represent
only another way of pleading an action against an entity of which
an officer is an agent." Therefore, since the Municipality is
also a party to this suit this Court hereby dismisses official
capacity claims as to the Municipal Defendants.

Civil 09-1355 (JAG)                                                      13

Moreover, Plaintiff re-states her argument that Defendants failed to provide her with a pre or post termination hearing, thus violating her Due Process.

The Municipal Defendants object to the Magistrate Judge's Recommendation arguing that the Report improperly concluded that this Court could grant injunctive relief as to them even though it found that the Amended Complaint did not contain any allegations of discriminatory animus on their part.

A. <u>Municipal Defendants Santini and Hellman</u>

    1. <u>First Amendment</u>

Pursuant to the First Amendment, non-policymaking public employees are protected from adverse employment actions based on their political opinions. <u>Marrero-Gutierrez v. Molina</u>, 491 F.3d 1, 9 (1st Cir. 2007). To establish a prima facie case of political discrimination in violation of the First Amendment, a plaintiff must show that party affiliation was a substantial or motivating factor behind a challenged employment action. <u>Id.</u> Namely, for purposes of Federal Rule of Civil Procedure 8(a)(2), a plaintiff must properly plead that: (1) the plaintiff and the defendant belong to opposing political affiliations, (2) the defendant has knowledge of the plaintiff's affiliation, (3) a challenged employment action occurred, and (4) political affiliation was a substantial or motivating factor behind the challenged employment action. <u>Martínez-Velez v. Rey-Hernández</u>, 506 F.3d 32, 39 (1st Cir.

Civil 09-1355 (JAG)                                                        14

2007). "While plaintiffs are not held to higher pleading standards
in § 1983 actions, they must plead enough for a necessary inference
to be reasonably drawn." <u>Marrero-Gutierrez</u>, 491 F.3d at 9 (internal
citations omitted).

        The first element of the Plaintiff's prima facie case has been
met, as Plaintiff has properly alleged that she is an active member
of the Popular Democratic Party ("PDP") and that Defendants are
members of the New Progressive Party ("NPP"). Furthermore, the
third element is easily met because Plaintiff alleges that she was
not granted reinstatement to her job at the Municipality. As to the
second element, the complaint contains allegations that raise a
plausible inference that the Defendants knew of Plaintiff's
political affiliation. Plaintiff alleges that she is a well-known
member of the PPD because she worked as an advisor to both Sila M.
Calderón and Aníbal Acevedo-Vilá during their respective terms as
Governor of Puerto Rico. She further alleges that she publicly
participated in numerous activities of the PPD. Ultimately, she
contends that her affiliation to the PPD was known to Defendants
because she is the sentimental companion of Aníbal José Torres, the
past Secretary General of the PPD and Chief of Staff of former
Governor Aníbal Acevedo-Vilá. Based on these facts it is reasonable
to infer that Santini and Hellman knew that Plaintiff was a member
of the PPD.

        Finally, we must determine whether Plaintiff has made a fact

specific showing of discriminatory animus. In doing so, we are mindful of the fact that "[m]ere temporal proximity between a change of administration and a public employee's dismissal is insufficient to establish discriminatory animus." Pequero-Moronta v. Santiago, 464 F.3d 29, 53 (1st Cir. 2006) (quoting Acevedo-Diaz v. Aponte, 1 F.3d 62, 69 (1st Cir. 1993)). Furthermore, "merely juxtaposing that the plaintiff is an active member of the rival political party to that of the defendant is insufficient, standing alone, to create a causal link." Marrero-Gutierrez, 491 F.3d at 9. Likewise, "alleging that a plaintiff is a well known supporter of a different political party by itself is not sufficient to show that a challenged employment action was premised upon political affiliation." Gonzalez-De Blasini v. Family Dep't, 377 F.3d 81, 86 (1st Cir. 2004).

We agree with the Magistrate Judge that Plaintiff's allegations against Santini and Hellman do not rise to the pleading standard established under Iqbal. Iqbal, 129 S.Ct. at 1950. The only fact that Plaintiff alleges is that the Municipal Defendants did not grant her reinstatement to her job with the Municipality because she belongs to a different political party. Plaintiff does not present any evidence that the actions taken by Santini and Hellman were made with any discriminatory purpose. Ultimately, Plaintiff's allegations against Santini and Hellman are conclusory and insufficient to meet the standard under Iqbal. Thus Plaintiff's

allegations against Santini and Hellman do not establish a prima facie case of political discrimination on First Amendment grounds.

    2. <u>Equal Protection</u>

    Under the Equal Protection Clause of the Fourteenth Amendment, persons similarly situated must be accorded similar governmental treatment. <u>See</u> <u>Marrero-Gutierrez</u>, 491 F.3d at 9. In order to establish an Equal Protection claim, the plaintiff needs to allege facts indicating that, compared with others similarly situated, he was selectively treated "based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." <u>Rubinovitz v. Rogato</u>, 60 F.3d 906, 910 (1st Cir. 1995). Here, Plaintiff does not make any allegation that persons similarly situated were treated more favorably. Furthermore, Plaintiff has failed to set forth specific factual allegations distinguishing her Equal Protection claim from her political discrimination claim. The First Circuit has indicated that a plaintiff's failure to make this distinction is dispositive of the Equal Protection claim, as that claim is subsumed by the First Amendment claim. <u>See</u> <u>Pagan v. Calderón</u>, 448 F.3d 16, 37 (1st Cir. 2006) (holding that "so long as [a plaintiff's] allegations of political discrimination fit within the contours of the First Amendment, they are, a fortiori, insufficient to ground a claim that the politically-inspired misconduct violated equal protection guarantees"). Accordingly,

Civil 09-1355 (JAG)                                                    17

Plaintiffs' claims under the Fourteenth Amendment Equal Protection Clause as to all Defendants must be dismissed.

    3. Due Process

    Plaintiff alleges a violation of her procedural and substantive Due Process rights based on Santini and Hellman's discriminatory actions.

    The Fourteenth Amendment protects against deprivation of life, liberty, or property without Due Process of law. U.S. Const. Amend. XIV. This constitutional guarantee has both procedural and substantive aspects. See Parker v. Hurley, 514 F.3d 87,101 (1st Cir. 2008). "The Supreme Court has consistently held that substantive due process rights are violated by executive action when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." Velazquez v. Hernández, 09-1692, 2010 U.S. Dist. LEXIS 90337 at *15 (D.P.R. Aug. 27, 2010)(internal citations ommitted). "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protections of liberty and property." Id. (citing Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972).

    In order to establish a procedural due process claim under Section 1983, a plaintiff "must allege first that it has a property interest as defined by state law and, second, that the defendants, acting under color of state law, deprived it of that property interest without constitutionally adequate process."

Marrero-Gutierrez, 491 F.3d at 8 (citing PFZ Props., Inc. v. Rodriguez, 928 F.2d 28, 30 (1st Cir. 1991)). "The Due Process Clause of the Fourteenth Amendment protects government employees who possess property interests in continued public employment." Ruiz-Casillas v. Camacho-Morales, 415 F.3d 127, 134 (1st Cir. 2005) (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985); Galloza v. Foy, 389 F.3d 26, 33 (1st Cir. 2004)). These employees have a right to at least an informal hearing before they are discharged. See Kauffman v. Puerto Rico Tel. Co., 841 F.2d 1169, 1173 (1st Cir. 1988).

Moreover, the First Circuit has stated that "to establish a constitutionally protected property interest in employment, a plaintiff must demonstrate that she has a legally-recognized expectation that she will retain her position. Id. (citing Santana v. Calderón, 342 F.3d 18, 24 (1st Cir. 2003). "A legitimate expectation of continued employment may derive from a statute, a contract, or an officially sanctioned rule of the workplace." Id. As the First Circuit has established "under the laws of Puerto Rico, career or tenured employees have property rights in their continued employment." Id. (citing González-De-Blasini v. Family Dep't, 377 F.3d 81, 86 (1st Cir. 2004). Thus Plaintiff has a property interest in her career employment with the Municipality.

Therefore, since Plaintiff alleges that she had a property interest in her position at the Municipality and that she was not

provided with a hearing, we deny the Municipal Defendant's Motion to Dismiss as to the Fourteenth Amendment Due Process Claims.

B. Municipality of San Juan

The Municipality can only be held liable under § 1983 for constitutional violations if they occur pursuant to an official policy or custom. Welch v. Ciampa, 542 F.3d 927, 942 (1st Cir. 2008) (citing Monell v. Dep't of Social Servs., 436 U.S. 658 (1978)). The Municipality, though, is liable only if "through its deliberate conduct, it was the 'moving force' behind the injury." Bd. of the County Comm'Rs v. Brown, 520 U.S. 397, 404 (1997). As Plaintiff correctly states, in Puerto Rico, mayors "are the government officials ultimately responsible for employment decisions of the municipality." Miranda-Marin, 2010 U.S. App. LEXIS 12636, 2010 WL 2473321, at *9 (quoting Rodriguez-Garcia v. Municipality of Caguas, 495 F.3d 1, 3 (1st Cir. 2007). Therefore, in assessing the liability of the Municipality, the court must first consider the actions of the Mayor. Plaintiff does not allege that the Municipality followed any policy or custom which resulted in denial of her reinstatement with the Municipality. Plaintiff does not even show that the Mayor was the "moving force behind the plaintiff's deprivation of federal rights." Board of the County Commissioners, 520 U.S. at 399, 404 (for a municipality to be a moving force behind the plaintiff's injury, plaintiff must show that "municipal action was taken with the requisite degree of

Civil 09-1355 (JAG)                                                      20

culpability"). Nonetheless, since it has been established that Plaintiff has put forth a plausible claim of a violation of Due Process against the Mayor, she also has one against the Municipality.

For the same reasons stated above, we grant the Municipal Defendants Motion to Dismiss as to Plaintiff's claims of violations of the First Amendment and Equal Protection and deny as to Plaintiff's claims of Due Process.

B. <u>Co-Defendants Metropolitan Bus Authority ("MBA"), Mike O'Neill ("O'Neill"), substituting for Santos M. Delgado-Marrero, and Gladys Fuentes ("Fuentes") ("MBA Co-Defendants")</u>

The Complaint alleges violations pursuant to §1983 against the MBA, Mike O'Neill, General Manager of the MBA, and Gladys Fuentes, Director of Human Resources of the MBA, in their personal and official capacities. Plaintiff alleges that the MBA Co-Defendants failed to reinstate her to her career position with the MBA because of political animus. In addition, Plaintiff claims that the MBA Co-Defendants used her failure to pay Union dues as a pretext in denying said reinstatement to her career position as purchasing agent with the MBA.

On the other hand, the MBA Co-Defendants contend that the complaint is devoid of any factual allegations necessary to withstand the pleading standard set out in <u>Iqbal</u>. However, as Plaintiff correctly points out, the MBA Co-Defendants improperly

Civil 09-1355 (JAG)                                               21

use the Mt. Healthy analysis in their Motion to Dismiss. Mt.
Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977).
The Mt. Healthy burden-shifting analysis is not applicable at the
pleadings stage.

The Magistrate Judge concluded in her Report and
Recommendation that the MBA Co-Defendants' Motion to Dismiss is to
be denied. Specifically, the Magistrate Judge recommended that we
should deny the Motion as to Plaintiff's claims against the MBA
Defendants in their official capacity.[5]

In the MBA Defendants' objections they mostly rehash the same
arguments already considered by the Magistrate Judge. We shall
evaluate Plaintiff's claims as to the MBA Defendants' personal
claims.

1. First Amendment

Plaintiff alleges that the MBA Defendants deliberately
violated her freedom of speech rights by terminating her from her
career position as a purchasing agent because of her political
affiliation. Further, Plaintiff alleges that the MBA Defendants
used her failure to pay Union dues as a pretext even after she
informed them that she would be willing to pay the dues.

---

[5] For the same reasons set forth in Footnote 4, and since
the entity (in this case the MBA) is a party to this suit, we
shall not consider Plaintiff's claims against O'Neill and Fuentes
in their official capacities.

Civil 09-1355 (JAG)                                                  22

For the same reasons explained above, Plaintiff meets the first two prongs of a prima facie case of a First Amendment violation. The third prong is met because Plaintiff is challenging his termination from the MBA. Finally, the remaining prong is whether Plaintiff has demonstrated that political affiliation was a substantial or motivating factor of the MBA Defendants behind the challenged employment action.

Plaintiff does not present any indication that the termination from her career position was due to her political affiliation. Plaintiff simply states that she was pretextually dismissed due to her political affiliation to the PDP. Further, she states that the MBA Defendants are well known NPP members. Ultimately, she concludes that because the MBA is a small agency with one central office of operations, the individual's political affiliations within the agency are known to everyone.

This Court recognizes that the First Circuit has stated that "merely juxtaposing that [the plaintiff] is an active member of the [rival political party to that of the defendants] is insufficient, standing alone, to create a causal link." Marrero-Gutierrez v. Molina, 491 F.3d 1, 9 (1st Cir. 2007). We further acknowledge that "[m]ere temporal proximity between a change of administration and a public employee's dismissal is insufficient to establish discriminatory animus." Pequero-Moronta v. Santiago, 464 F.3d 29, 53 (1st Cir. 2006). However, when these two elements are coupled

Civil 09-1355 (JAG)                                                    23

with the fact that, as Plaintiff alleges, the MBA is a small
agency, it should be enough to establish a plausible claim of a
First Amendment violation. Moreover, the fact that both O'Neill and
Fuentes were personally involved in Plaintiff's termination makes
these allegations that much more plausible. O'Neill (Delgado at the
moment of termination) sent Plaintiff a letter stating his
affirmation of her termination, and Fuentes met with Plaintiff
acknowledging her right to reinstatement. Therefore, the MBA's
Defendants' Motion to Dismiss as to a First Amendment violation is
denied.

2. <u>Due Process</u>

    In order to establish a prima facie case of a Due Process
violation the plaintiff must first allege that it has a property
interest, and second, that the defendants, acting under color of
state law, deprived plaintiff of that property interest without a
constitutionally adequate process. In this case we are considering
whether Plaintiff's career position with the MBA can be considered
a property interest.

    As explained above, a career position is a property interest
in Puerto Rico. However, Defendant argues that Plaintiff does not
hold a property interest in the position because the appointment
was made during a period of prohibited dates. This prohibited
period is established in Section 6.9 of Law No. 184, also known as
the Personnel Act of the Public Service of Puerto Rico, 3 L.P.R.A.

Civil 09-1355 (JAG)                                               24

§1426h. Nevertheless, this argument is better suited for the Motion
for Summary Judgment stage. Therefore, since Plaintiff argues that
no Due Process whatsoever was provided prior or posterior to her
termination, we find that Plaintiff has established a prima facie
case of violation of Due Process.

     Consequently, we deny the MBA Defendants' Motion to Dismiss as
to both the First Amendment and Due Process claims against O'Neill
and Fuentes in their personal capacity.

3. <u>Metropolitan Bus Authority</u>

     As we have previously established in <u>Orria-Medina v. Metro.
Bus Auth.</u>, 565 F. Supp. 2d 285, 293 (D.P.R. 2007), "the MBA is the
kind of political subdivision Monell intended to make susceptible
to suit." Consequently, we apply the same analysis for Municipal
liability under <u>Monell</u>. "Municipalities cannot be held liable for
the constitutional violations of municipal employees pursuant to
the doctrine of respondeat superior." <u>Welch v. Ciampa</u>, 542 F.3d
927, 942 (1st Cir. 2008) (citing <u>Monell v. Dep't of Social Servs.</u>,
436 U.S. 658, 691 (1978). Moreover, the MBA can only be held liable
under § 1983 for constitutional violations if they occur pursuant
to an official policy or custom. <u>Id</u>. "A plaintiff can establish the
existence of an official policy by showing that the alleged
constitutional injury was caused by a formal decision of a
municipal legislative body . . . or by a person with final
policymaking authority." <u>Id</u>.

Civil 09-1355 (JAG)                                              25

Defendants allege that Plaintiff has not demonstrated any policy or custom from the MBA related to her termination. Further, Defendants claim that Plaintiff does not allege in the complaint that the MBA Defendants have policy making power as to personnel decisions. Nevertheless, we can imply that O'Neill, as President and General Manager of the MBA, and Fuentes, as Vice President of Human Resources, have policy making power within the MBA. Moreover, for the same reasons explained above, we find that there are plausible claims of Due Process and First Amendment violations against the Municipality. Therefore, we must deny the MBA Defendants' Motion to Dismiss against the Municipality.

C. Co-Defendants Luis G. Fortuño-Burset ("Fortuño"), Rubén A. Hernández-Gregorat ("Hernández-Gregorat"), María Sánchez-Bras ("Sánchez-Bras"), and Juan Carlos Blanco-Urrutia ("Blanco") ("La Fortaleza Defendants")

Plaintiff alleges in the complaint violations pursuant to §1983 against Fortuño, Hernández-Gregorat, Sánchez-Bras, and Blanco in their personal and official capacities. Plaintiff avers few allegations as to La Fortaleza Defendants' involvement in the alleged unconstitutional actions. Plaintiff asserts that they are all active members of the NPP. In addition, Plaintiff makes reference to letters she sent to Hernández-Gregorat and Blanco informing them of her situation. Nevertheless, as the Magistrate Judge correctly points out, Plaintiff does not allege that they

Civil 09-1355 (JAG)                                                26

responded to the letters.

        La Fortaleza Defendants allege in their Motion to Dismiss
that: 1) Plaintiff has failed to state a claim against them; 2)
they are entitled to Eleventh Amendment immunity on their official
capacity claims; 3) they are entitled to qualified immunity as to
their personal capacity claims; and 4) they lack personal
involvement in the controversy at bar.

        We agree with the Magistrate Judge that this Court need not
accept "bald assertion[s]" that the behavior of the Defendants
amounted to political discrimination. Plaintiff's allegations are
so sparse as to La Fortaleza Defendants that this Court need not
proceed with the analysis for either a Due Process or First
Amendment violation. Thus we must grant La Fortaleza Defendants'
Motion to Dismiss.

D. Union Hermandad de Empleados de Oficina y Ramas Anexas ("Union")
and Cristino López-Lance ("López") ("Union Co-Defendants")

        Plaintiff alleges in the Complaint that the Union, and its
president López acted in concert with the MBA Defendants to
terminate Plaintiff using the non-payment of Union dues as
pretextual grounds for dismissing her, thus violating her
constitutional rights. López is sued in both his official and
personal capacities.[6]

_____

        [6] Plaintiff also makes a claim that the Union Co-Defendants
breached the fiduciary and fair representation rights that it
owes to incoming bargaining unit members. Nevertheless, this

Civil 09-1355 (JAG)                                                    27

     The Magistrate Judge found that the complaint fails to state
a claim for constitutional violations as to the Union Defendants.
We agree. Plantiff on the other hand objects to the Report and
Recommendation arguing that the Complaint does in fact state a
claim against the Union Defendants. Plaintiff restates her argument
that the Union Defendants acted in concert with the MBA Defendants.

1. <u>Constitutional Violations</u>

     It is undisputed that a Union is not a government actor
covered by § 1983. However, Plaintiff correctly points out that
when a private actor, in this case the Union, acts in concert with
a government actor in the deprivation of constitutional rights, the
private actor becomes liable for the violations.

     A civil rights conspiracy is "a combination of two or more
persons acting in concert to commit an unlawful act . . . the
principal element of which is an agreement between the parties to
inflict a wrong against or injury upon another and 'an overt act
that results in damages." <u>Martinez-Machicote v. Ramos-Rodriguez</u>,
553 F. Supp. 2d 45, 49 (D.P.R. 2007). "For a conspiracy to be
actionable under section 1983, the plaintiff has to prove that
"there [has] been, besides the agreement, an actual deprivation of
a right secured by the Constitution and laws." <u>Id.</u> (Earle v.

_____

claim merely appears in the jurisdictional statement of the
complaint and does not appear in the section dedicated to causes
of action. Therefore since this claim is not developed or
expanded upon, we shall not consider it.

Benoit, 850 F.2d 836, 844 (1st Cir. 1988)).

As this Court has already stated "an otherwise invalid [Section] 1983 claim cannot survive a motion to dismiss merely by mentioning the word 'conspiracy.'" Id. Therefore, "[a] complaint containing only conclusory, vague, or general allegations  of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir.1983). "[T]o survive a motion to dismiss, the plaintiff must at least plead some particular acts or facts providing a legal basis for his claim". Brewster, 349 F.Supp.2d 540, 547 (E.D.N.Y. 2004).

After perusing the complaint, we do not find any allegations that would provide a legal basis for a conspiracy claim against the Union Defendants. Plaintiff has not shown a relationship between the Union's alleged failure to inform her of her duties and her termination. Therefore, we grant the Union Defendants' Motion to Dismiss as to all claims against them.

### CONCLUSION

For the reasons stated above, the Court hereby Adopts in Part and Denies in Part the Magistrate Judge's Report and Recommendation. (Docket No. 168). This Court hereby Grants in Part and Denies in Part the Municipal Defendants' Motion to Dismiss. (Docket No. 107). Further, we grant in part and deny in part the MBA Defendants' Motion to Dismiss. (Docket No. 118). We grant La

Civil 09-1355 (JAG)                                                    29

Fortaleza Defendants' Motion to Dismiss (Docket No. 120) and grant

the Union Defendants' Motion to Dismiss (Docket No. 127).


      IT IS SO ORDERED.

      In San Juan, Puerto Rico, this 30th day of September, 2010.


                             s/ Jay A. Garcia-Gregory
                             JAY A. GARCIA-GREGORY
                             United States District Judge