IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DIANA Y. MARTI NOVOA,<br><br>**Plaintiff**<br><br>v.<br><br>LUIS FORTUÑO BURSET, <u>et al.</u>,<br><br>**Defendant(s)** | **CIVIL NO.** 09-1355 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Before the Court is Plaintiff's Motion for Reconsideration and for Leave to Amend the Complaint. (Docket No. 203). For the reasons set forth, the Court GRANTS Plaintiff's Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 14, 2009, Defendants Cristino Lopez-Hance ("Lopez") and the Hermandad de Empleados de Oficinas y Ramas Anexas ("Union") (together "Union Defendants") filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 127), arguing that the Complaint (Docket No. 106) failed to allege enough facts to meet the pleading standard for a § 1983 conspiracy claim against them. Pursuant to a referral order on the Motion to Dismiss, Magistrate Judge Vélez-Rivé issued a Report and Recommendation on February 1, 2010 recommending the dismissal of Plaintiff's claims of constitutional violations and

the denial of the Motion to Dismiss as to Plaintiff's purported claim of breach of fiduciary duty against the Union Defendants. (Docket No. 168).

After considering the Parties' Objections (Docket Nos. 172 and 174), the Court issued an Opinion and Order adopting in part the Magistrate Judge's Report and Recommendation and granting Defendant's Motion to Dismiss in its entirety. (Docket No. 190). All of Plaintiff's claims against the Union Defendants were dismissed. In sum, the Court found that Plaintiff had not alleged enough facts to sustain the contention that the Union Defendants acted in concert with the government of the Commonwealth of Puerto Rico ("Commonwealth") with the purpose of removing her from her employment because of her political affiliations. The Court also dismissed the claim of breach of fiduciary duty against the Union Defendants for failing to meet the pleading standard.

Plaintiff filed for Reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure and, in essence, advances two arguments. (Docket No. 203). First, that the Court erred by not interpreting the facts in the light most favorable to her, as required by the standard of review of Rule 12(b)(6). Second, that new evidence has surfaced which would sustain Plaintiff's claims against the Union Defendants and hence, the Court should reconsider its decision to dismiss Plaintiff's claims and allow

her to amend the Complaint. In the alternative, if the reconsideration is denied, Plaintiff moves the Court to grant an extension of time to appeal.

**STANDARD OF REVIEW**

Motion for Reconsideration Standard

Motions for reconsideration are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in the law. See Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994)(internal citations omitted). Motions for reconsideration may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." National Metal Finishing Com., 899 F.2d 119, 123 (1st Cir. 1990).

**DISCUSSION**

Manifest Error of Law or Fact

In her Motion for Reconsideration, Plaintiff alleges that she did not attempt to make a separate claim against the Union Defendants for breach of their fiduciary duty of fair representation. Instead, Plaintiff argues that the fact that the breach occurred, along with other evidence, should have led the Court to infer that Defendants acted in concert with the

Commonwealth to violate her constitutional rights. According to Plaintiff, the Court erred in applying the Rule 12(b)(6) standard by not drawing this inference in her favor.

Regardless of whether it was a separate claim or a factual allegation, the Court correctly found that the Union Defendant's alleged breach of fiduciary duty is insufficient to support a plausible conspiracy claim under § 1983. Plaintiff would have the Court assume that the motive behind the Union Defendant's breach of fiduciary duty was not only political, but that it came about as part of an agreement between the Union Defendants and the Commonwealth to violate her constitutional rights. The Union Defendants may have breached their fiduciary duty to Plaintiff. That conclusion standing alone however, does not support a finding that satisfies the pleading standard for a § 1983 conspiracy claim. Therefore, the Court did not make a manifest error of law or fact.

<u>Newly Discovered Evidence</u>

Plaintiff also argues that new evidence has surfaced which would bolster a finding that the Union Defendants acted in concert with the Commonwealth. Consequently, Plaintiff asks that the Court allow her to amend the Complaint to include the new allegations that reflect these recent evidentiary findings.

In his answer to a written interrogatory served by Plaintiff, Defendant Lopez stated that the Union did not learn

of Plaintiff's appointment until she contacted Union personnel regarding medical insurance forms on or about January 26, 2009. However, Plaintiff proffers testimonial excerpts from the depositions of Ivette M. Cartagena-Rivera, Vice-President of Human Resources at the Metropolitan Bus Authority ("MBA"), and José A. Santiago-Rosado, a Human Resources employee at MBA, indicating that the Union was notified of Plaintiff's recent appointment through a report that was prepared by Santiago-Rosado and forwarded to the Union. According to her deposition, Cartagena-Rivera instructed Santiago-Rosado to prepare the report on Plaintiff's recent appointment and to later forward it to the Union, as was common practice at MBA. Once he completed the assignment, Santiago-Rosado reported back to Cartagena-Rivera and confirmed that the appointment report had been sent to the Union. Furthermore, in his deposition Santiago-Rosado testified that Union representatives came to him on or about December 2008 or January 2009 to ask about the appointment of Plaintiff.[1] The theory that there may have been lines of communication between alleged co-conspirators seems probable.

Plaintiff need not prove her case now. At this stage, Plaintiff need only meet a pleading standard. And to meet the

---

[1] Santiago-Rosado testified that the two visitors were Jaime Aldebol, then president of the Union, and Germán Oyola, another Union representative. Additionally, in her deposition, Cartagena-Rivera testified that Santiago-Rosado mentioned that Defendant Lopez also dropped by his office at some point to inquire about Plaintiff.

pleading standard, the Court may liberally grant amendments.[2] What Plaintiff has brought forth at this juncture, i.e. that the Union and MBA might have been in contact regarding Plaintiff's appointment since before January 29, 2009; combined with the fact that Plaintiff was not given any orientation as a new Union member, as is common practice with all new potential recruits; that she was never notified of the grievance procedure put in motion on her behalf; and that she was never contacted regarding her failure to pay the Union dues, satisfies the Court that the Opinion and Order on the Union Defendants Motion to Dismiss ought to be reconsidered. Accordingly, the Court hereby grants Plaintiff leave to amend her complaint.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Reconsideration and for Leave to Amend the Complaint. Plaintiff is ordered to limit her amendments to factual allegations supported by the evidence proffered in the Motion for Reconsideration and relevant to the § 1983 conspiracy claim against the Union Defendants.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of December, 2010.

S/Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge

---

[2] Fed. R. Civ. P. 15 (a)(2)